ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PRC INDUSTRIES, INC. CORP. d/b/a PRODUCT REMANUFACTURING CENTERS INDUSTRIES, INC.<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (EEOC) brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Parties, Roderick Woods and Tashia Woods, collectively the Woodses, who were adversely affected by such practices.  As alleged with greater particularity below, Defendant, PRC Industries, Inc. Corp., discriminated against the Woodses by subjecting them to unwelcome and offensive conduct based on their race (Black), that was sufficiently severe or pervasive to alter the terms and conditions of their employment, and created a hostile work

environment. Defendant was aware of the hostile work environment, but failed to take prompt, effective remedial action. The EEOC also alleges that Defendant discharged the Woodses in retaliation for opposing the offensive conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the District of Nevada because the alleged unlawful employment practices were committed within the city of Reno, in Washoe County, Nevada.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. PRC Industries, Inc. Corp. (PRC) is a privately held corporation that processes, repairs, and recycles returned ecommerce merchandise.

5. At all relevant times, PRC has continuously been, and is now, a Nevada corporation doing business in the State of Nevada, and in the County of Washoe, and City of Reno.

6. At all relevant times, PRC has continuously been an employer engaged in an industry affecting commerce, within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, PRC has continuously had and does now have at least fifteen (15) employees.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Roderick Woods (Mr. Woods) and Tashia Woods (Mrs. Woods), respectively, filed timely charges with the EEOC alleging, *inter alia*, that PRC discriminated and retaliated against each of them in violation of the

provisions of Title VII.

9. PRC received notice and a copy of the charges of discrimination.

10. On May 13, 2022, the EEOC issued to PRC, Letters of Determination for Mr. Woods' and Mrs. Woods' charges, finding reasonable cause to believe that PRC violated Title VII.  The Letters of Determination (Letters) also invited PRC to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Letters and to provide other appropriate relief.

11. On June 29, 2022, the EEOC convened a telephonic conciliation conference with PRC's authorized representative and counsel.  During this conference, the parties engaged in conciliation negotiations.

12. The EEOC was unable to secure from PRC a conciliation agreement acceptable to the EEOC.

13. In letters dated July 1, 2022, the EEOC notified PRC that the EEOC had determined that efforts to conciliate the Woodses' charges were unsuccessful and that further negotiations would be futile or non-productive.  The letters also informed PRC that the EEOC would not make any further efforts to conciliate the Woodses' charges.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. From around January 2020 through at least May 2020, PRC engaged in unlawful employment practices in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) and 3(a).  PRC's unlawful practices, which occurred on a regular basis, included subjecting the Woodses to unwelcome, severe or pervasive conduct based on their race (Black), that created an offensive, abusive, intimidating, and hostile work environment, which adversely altered the terms and conditions of their employment, and retaliating against them after they reported the conduct.

16. Charging Parties, Mr. Woods and Mrs. Woods, who are Black, worked at PRC's merchandise repair, cleaning and refurbishment facility in Reno, Nevada (the Facility) from January 2020 until around the end of May 2020.

17. The Woodses adequately performed their duties, and Mr. Woods was promptly

promoted to a lead position.

### Supervisors' Racist Taunting

18. From the beginning of their employment in January 2020 through their terminations, the Woodses witnessed and/or endured racist taunts and slurs, including the words "nigger" and/or "nigga" (collectively, N-Word), from the Assistant Floor Supervisor and the Deputy Floor Manager (collectively, Floor Managers), who were siblings. The Floor Managers referred to the Black employees using the N-Word. The Floor Managers would also blast music with offensive lyrics, including references to N-Word, bitches (B-Word), and violent and inappropriate allegories throughout the facility on the intercom system. The Woodses also witnessed the Floor Managers racially denigrating other Black employees. The conduct occurred openly at the facility and in front of other employees and managers.

19. In or around late January 2020, Mr. Woods's Assistant Floor Supervisor told him, "Hey N-Word, go take out the trash." Shortly thereafter, the Assistant Floor Supervisor admonished Mrs. Woods and several other nearby employees, "N-Words, we need to hurry this shit up!" and threatened to fire them.

20. In or around April 2020, the Assistant Floor Supervisor screamed at Mrs. Woods, "You N-Words can never do anything right, why do I have to tell you twice! N-Words always be playing. Y'all gonna make a [B-Word] go crazy!" When Mrs. Woods opposed the mistreatment, Defendant issued Mrs. Woods a written warning.

21. The Floor Managers' slurs, hostility and tone deeply offended the Woodses.

### The Woodses' Complaints Are Dismissed

22. On several occasions during their employment, the Woodses verbally reported the Floor Managers' racial slurs and overt hostility to more senior personnel, including to the Site Administrator and to the Site Manager, who was the most senior official at the Facility. But the Site Manager, who was often away from the Facility, took little and ineffective corrective action.

23. Instead, the Woodses, who often worked in close proximity to the Floor Managers, continued to overhear them routinely using the N-word to address other Black employees and denigrating them.

24. In April 2020, Mr. Woods sent an email to a company Vice President (VP) explaining that the Floor Managers were very much racist, used the N-Word on an everyday basis, and had "been really picking on and harassing him."

25. After assuring Mr. Woods that he would look into the Complaint, the VP immediately expressed to the Site Manager his belief that the allegations were "trumped up charges." The VP never communicated with the Woodses again about the complaint.

26. The Woodses continued to be subjected to the N-Word, hostility, and overt aggression by the Floor Managers in retaliation for the report. For instance, the Assistant Floor Supervisor seemingly made it a point to use the N-Word whenever she passed Mr. Woods. And the Deputy Floor Manager demoted Mrs. Woods to less favorable job duties. PRC took insufficient action to prevent the harassment.

27. On or around late May 2020, only a few weeks after Mr. Woods had reported him to the VP, the Deputy Floor Manager terminated the Woodses via text message.

28. The unlawful employment practices complained of in paragraphs 15 through 27 above have been to deprive the Woodses of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

29. The unlawful employment practices complained of in paragraphs 15 through 27 were done with malice or in reckless indifference to the federally protected rights of the Charging Parties.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining PRC, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them, from creating, failing to prevent, and to promptly correct an offensive, abusive, intimidating and hostile work environment on the basis of race, retaliating against employees who protest discrimination, and engaging in any other employment practice that discriminates on the basis of race.

B. Order PRC to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of its past and present unlawful employment practices.

1   C. Order PRC to make whole the Woodses by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 27 above in amounts to be determined at trial.

   D. Order PRC to make whole the Woodses by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 15 through 27 above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

   E. Order PRC to pay the Woodses punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

   F. Grant such further relief as the Court deems necessary and proper in the public interest.

   G. Award the Commission its costs of this action.

/ / /
/ / /
/ / /

# JURY TRIAL DEMAND

Plaintiff EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Dated:  March 28, 2023

BY: */s/ Roberta L. Steele*
    Roberta L. Steele
    Regional Attorney

BY: */s/ Marcia L. Mitchell*
    Marcia L. Mitchell
    Supervisory Trial Attorney

BY: */s/ James H. Baker Jr.*
    James H. Baker
    Senior Trial Attorney

BY: */s/ Kena C. Cador*
    Kena C. Cador
    Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684 0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

GWENDOLYN Y. REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507