UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PRC INDUSTRIES, INC., CORP. D/B/A PRODUCT REMANUFACTURING CENTERS INDUSTRIES, INC.,<br><br>Defendants. | Case No. 3:23-cv-00135-LRH-CSD<br><br>ORDER |

Before the Court is an unopposed motion by Plaintiff-Intervenors Roderick S. Woods and Tashia B. Woods ("the Woodses") to intervene. ECF No. 6. Because the Court finds that the Woodses' motion satisfies the requirements to intervene as a matter of unconditional right pursuant to Fed. R. Civ. P. 24(a)(1), the Court grants the motion.

**I.    BACKGROUND**

On March 28, 2023, the U.S. Equal Employment Opportunity Commission ("EEOC") filed a civil rights complaint against Defendant PRC Industries, Inc. ("PRC") alleging violations of "Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Parties, Roderick Woods and Tashia Woods…" ECF No. 1, 1:21-25. Specifically, the underlying matter involves numerous incidents that occurred while the Woodses were employed with PRC from January 2020 through May 2020 at its product

remanufacturing center located in Reno, Nevada. *Id.* at 3:25-27; ECF No. 6, 2:9-12. The Woodses reported the incidents to their supervisors, the company's Vice President, and eventually they filed timely charges with the EEOC. ECF No. 1, 2:26-28, 4:22-25, 5:1-6; ECF No. 6, 2:23-26, 3:12-23. The EEOC found reasonable cause that PRC violated Title VII and issued Letters of Determination for the Woodses in May 2022. ECF No. 1, 3:3-7. The parties were unable to reach an agreement during a June 2022 telephonic conciliation conference. ECF No. 1, 3:8-16.

## II.   DISCUSSION

Fed. R. Civ. P. 24(a)(1) states: "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." "Title VII provides an aggrieved employee with an absolute right to intervene in a civil action brought by the EEOC." *Equal Emp. Opportunity Comm'n v. GIPHX10 LLC,* Case No. 2:20-CV-01369-RAJ-BAT, 2021 WL 871389, at *1 (W.D. Wash. Mar. 9, 2021). According to 42 U.S.C. § 2000e-5(f)(1), "persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." Moreover, "[u]nder the provisions of 42 U.S.C. § 2000e–5(f)(1), 'an aggrieved person is defined as a person who has filed a charge with the EEOC.'" *E.E.O.C. v. GMRI, Inc.,* 221 F.R.D. 562, 563 (D. Kan. 2004) (quoting *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.,* 273 F.Supp.2d 260, 263 (E.D.N.Y.2003)).

In its Complaint, the EEOC confirms that the Woodses "filed timely charges with the EEOC alleging, inter alia, that PRC discriminated and retaliated against each of them in violation of the provisions of Title VII." ECF No. 1 2:26-3:1. The Court is satisfied that the Woodses have an absolute right to intervene because they have an unconditional right to intervene as set forth in Title VII.

The remaining issue is whether the motion to intervene is timely. The Court looks at three criteria to determine if the motion is timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). In this case, the matter is in beginning stages of litigation—the EEOC filed its

1  Complaint on March 28, 2023, PRC filed its answer on May 30, 2023, and no significant motion
2  practice has yet occurred. Moreover, the Court also notes that the motion is unopposed and that no
3  party will be prejudiced by granting the motion. For these reasons, the Court finds that the motion
4  is timely.
5       Because the Court finds that the Woodses have an unconditional right to intervene in this
6  case and because the motion was timely, the Court grants the motion.
7  **III.  CONCLUSION**
8       IT IS THEREFORE ORDERED that the Woodses' unopposed motion to intervene (ECF
9  No. 6) is **GRANTED.**
10      IT IS FURTHER ORDERED that the Woodses' Complaint in Intervention (attached at
11 ECF No. 6-1) shall be filed within **10 days** of the filing date of this Order.
12      IT IS SO ORDERED.
13      DATED this 27th day of June, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE