ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0939
Fax No. (415) 522-3425
roberta.steele@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>RODERICK S. WOODS, an individual, and TASHIA B. WOODS, an individual,<br><br>Plaintiffs-Intervenors,<br><br>vs.<br><br>PRC INDUSTRIES, INC., CORP. d/b/a PRODUCT REMANUFACTURING CENTERS INDUSTRIES, INC.<br><br>Defendant. | Case No.: 3:23-cv-00135-LRH-CSD<br><br><br><br>**CONSENT DECREE** |

## I.   <u>INTRODUCTION</u>

1.      Plaintiff U.S. Equal Employment Opportunity Commission (EEOC or Commission) brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of race and retaliation for engaging in protected activity, and to provide appropriate relief to Roderick Woods and

Tashia Woods (the Woodses).  The EEOC filed suit on March 23, 2023, alleging that Defendant PRC Industries Inc., Corp. d/b/a Product Remanufacturing Centers Industries, Inc. (PRC) discriminated against the Woodses based on their race (Black) by subjecting them to a racially hostile work environment, and then terminating their employment in retaliation for complaining about the harassment.

2.     The EEOC and Defendant PRC (collectively, the Parties) want to conclude fully and finally all claims arising out of the EEOC's Complaint in order to avoid expenditure of further resources and expenses in contested litigation and enter into this Consent Decree (Decree) to resolve the EEOC's Complaint.

3.     This Decree, being entered with the consent of the Parties, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by Defendant PRC or a finding of any wrongdoing or violation of Title VII.  Defendant PRC denies any such liability.

**II.     PURPOSES AND SCOPE OF THE CONSENT DECREE**

4.     This Decree shall be binding on and enforceable against Defendant PRC, its management (including all officers, managerial and supervisory employees), agents, successors, and assigns.

5.     The Parties have entered into this Decree in order to:

a.     provide monetary and injunctive relief;

b.     ensure that Defendant PRC's employment practices comply with Title VII;

c.     ensure a work environment at Defendant PRC free from racial discrimination and harassment;

d.     ensure training for Defendant PRC's employees, including officers, managers, leads, supervisors, and human resources employees with respect to their obligations and rights under Title VII; and,

e.     ensure that Defendant PRC's policies and procedures are implemented in a manner that does not discriminate or retaliate against individuals on the basis of race.

**III.**    <u>**SCOPE OF RESOLUTION**</u>

6.    This Decree completely and finally resolves all claims made by the EEOC in its Complaint [ECF 1] filed in the United States District Court, District of Nevada, Case No. 3:23-CV-00135-LRH-CSD (hereinafter, Action).

7.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant PRC fails to comply with the applicable terms of the Decree.

8.    Nothing in this Decree shall be construed to limit or reduce Defendant PRC's obligations to comply fully with Title VII or any other federal employment statute.

9.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may exist or that may later arise against Defendant PRC, in accordance with standard EEOC procedures.

10.    The provisions of this Decree shall be applicable to all of Defendant PRC personnel, including managers and employees, unless otherwise specified.

**IV.**    <u>**JURISDICTION**</u>

11.    The Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

12.    The Court shall dismiss this case with prejudice but retain jurisdiction over this Action for the duration of the Decree, for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

**V.**    <u>**EFFECTIVE DATE AND DURATION OF DECREE**</u>

13.    The provisions contained herein are effective immediately on the date that this Decree is entered by the Court (Effective Date).

14.    The Decree shall remain in effect for three (3) years after the Effective Date and will expire on its own terms.

## VI.    MONETARY RELIEF

15.    Defendant PRC shall compensate the Woodses in the total amount of $400,000.00 (Settlement Sum), payable in separate checks in the following amounts:

      a.    $189,524.78 in compensatory damages for emotional distress, pain and suffering (Compensatory Sum) to The Geddes Law Firm IOLTA Account and Roderick Woods;

      b.    $10,475.22 as wages subject to standard withholdings (Wage Sum) to Roderick Woods;

      c.    $160,000.00 in compensatory damages for emotional distress, pain and suffering (Compensatory Sum) to The Geddes Law Firm IOLTA Account and Tashia Woods; and

      d.    $40,000.00 as wages subject to standard withholdings (Wage Sum) to Tashia Woods.

16.    Defendant PRC shall issue IRS Form 1099-Miscs for the Compensatory Sums, separately to Tashia Woods and Roderick Woods, designating the amount of these checks as "other income" and shall make such reports as necessary and appropriate under state and federal tax laws.  No tax withholdings shall be made on monetary relief distributed as compensatory damages.

17.    Defendant PRC shall issue IRS Form W-2s for the Wage Sums, separately to Tashia Woods and Roderick Woods, and shall make such reports as necessary and appropriate under state and federal tax laws.  Defendant shall only be responsible for paying the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of any settlement amount(s).

18.    Defendant PRC will issue the settlement checks as prescribed in this Decree, but has no opinion as to any determination by the IRS as to the nature and tax consequences of the payments.

19.    Defendant PRC shall pay the settlement checks thirty (30) business days following the Effective Date of the Decree, and shall send the Settlement Sum, including an accounting of any payroll withholdings or other deductions, to "The Geddes Law Firm c/o

1  William Geddes at 1575 Delucchi Lane, Suite 206, Reno, NV 89502.

2       20.     Defendant PRC shall transmit copies of the payments and tracking information

3  for the delivery of the checks to the EEOC at EEOC-SFDO_COMPLIANCE@eeoc.gov on the

4  same day that it transmits the checks.

5       21.     Defendant PRC will not condition the receipt of monetary relief on either

6  Charging Party agreeing to: (a) maintain as confidential the facts and/or allegations underlying

7  their charges of discrimination and the Complaint or the terms of this Decree; (b) waive their

8  statutory right to file a charge with any government agency; (c) not reapply for employment; or

9  (d) a non-disparagement agreement.

### A.     EEOC's Reporting Requirements Under reporting requirements under IRC Sections 162(f) and 6050X

12      22.     The EEOC may be required to report the fact of this settlement to the IRS under

13  Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by

14  employers to be deducted from the employer's taxes.  If the EEOC is required to do so, the

15  EEOC will provide the employer with a copy of the 1098-F form that it will provide to the

16  Internal Revenue Service (IRS).  The EEOC has made no representations regarding whether the

17  amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue

18  Code.  The provision of the Form 1098-F by the EEOC does not mean that the requirements to

19  claim a deduction under the Internal Revenue Code have been met.  Any decision about a

20  deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input

21  from the EEOC.  The parties are not acting in reliance on any representations made by the EEOC

22  regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the

23  Internal Revenue Code. PRC's EIN is 11-3312877.  The individual to whom the EEOC should

24  mail a copy of the form 1098-F, if the EEOC is required to issue one, is Kevin O'Boyle.  The

25  address for this individual is:

26      PRC Industries, Inc.
27      1239 Oser Avenue, Inc.,
        Hauppauge, NY 11788
28      Attention: Kevin O'Boyle

## VII.   GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

23.    Defendant PRC, its owners, officers, agents, employees, successors, and assigns are enjoined from discriminating against any employee based on race or creating, facilitating, or permitting the existence of a hostile work environment based on race as prohibited by Title VII.

24.    Defendant PRC, its owners, officers, agents, employees, successors, and assigns are further enjoined from retaliating against any employee based on their opposition to practices harassment or discrimination based on race or retaliation or because they have participated in any investigation, proceeding or hearing in connection with any allegations of discrimination based on race or retaliation.

25.    During the duration of the Decree, Defendant PRC shall provide prior written notice to any potential purchaser of its business, or a purchaser or transferee of all or a portion of Defendant PRC's assets, and to any other potential successor, about the EEOC's lawsuit, the allegations raised in the Complaint, and the existence and contents of this Decree.

## VIII.   SPECIFIC INJUNCTIVE RELIEF

### A.   Equal Employment Opportunity Consultant

26.    Within sixty (60) days after the Effective Date, Defendant PRC shall retain, at its own expense, an individual to serve as its Equal Employment Opportunity Consultant (Consultant) to assist with Defendant PRC's compliance with Title VII and this Decree by performing the tasks described in sub-paragraphs (a)-(f) below.  The Consultant shall have demonstrated experience in employment discrimination, harassment, hostile work environment and retaliation issues, including investigations.  For the duration of the Decree, the Consultant's responsibilities shall include:

a.    assisting in reviewing and revising Defendant PRC's policies and procedures prohibiting discrimination, harassment, hostile work environment, and retaliation and its complaint procedures for addressing discrimination, harassment, hostile work environment and retaliation to ensure that Defendant PRC fully complies with Title VII and all requirements set forth in this Decree;

b.    ensuring all officers and employees, including managers, supervisors, and

1   human resources employees are trained on their rights and responsibilities under Title VII and

2   this Decree, including the responsibility to provide a workplace free of a hostile work

3   environment, discrimination, and retaliation, and to report and/or promptly respond to all

4   allegations or complaints of the same;

5           c.      ensuring all officers and employees, including managers, supervisors, and

6   human resources employees, have been trained concerning Defendant PRC's policies and

7   procedures related to racial/race-based discrimination, harassment, and retaliation;

8           d.      investigating, monitoring, and tracking all investigations of complaints of

9   harassment, hostile work environment, retaliation or discrimination at Defendant PRC based on

10  classes protected by Title VII, and their resolution to ensure compliance with Title VII and this

11  Decree;

12          e.      developing, reviewing, and modifying Defendant PRC's discipline

13  policies to ensure appropriate and proportionate discipline where an investigation of allegations

14  of discrimination substantiates violations of Defendant PRC's policies or the law; and

15          f.      ensuring that Defendant PRC complies with all deadlines, and timely

16  submits all reports required by this Decree.

17          27.     Within thirty (30) days after the Effective Date, Defendant PRC shall identify its

18  proposed Consultant and submit the Consultant's name and resume or C.V. to the EEOC.  The

19  EEOC will raise any objections to the proposed Consultant within fifteen (15) days of

20  identification.

21          28.     If at any point during the Decree, the Consultant is no longer able to perform the

22  aforementioned duties, Defendant PRC shall identify its proposed replacement Consultant and

23  submit the replacement Consultant's name and resume or C.V. to the EEOC within thirty (30)

24  days of determining that the Consultant can no longer perform its duties.  The EEOC will raise

25  any objections to the proposed Consultant within fifteen (15) days of identification.

26  / / /

27  / / /

28  / / /

**B.     Policy and Procedure Concerning Discrimination, Harassment and Retaliation**

29.     Within ninety (90) days of the Effective Date, Defendant PRC shall review and revise its written policies and internal procedures prohibiting discrimination, harassment, a hostile work environment and/or retaliation prohibited under Title VII, for receiving and investigating complaints of discrimination, and for disciplining employees determined to be in violation of Defendant PRC's policies or the law.

30.     The policies shall include:

a.     an internal complaint procedure that provides multiple, accessible avenues of reporting EEO concerns;

b.     an explanation of prohibited conduct, including race-based discrimination, harassment, a hostile work environment and retaliation, with examples specific to the remanufacturing industry and which describe unacceptable behavior that may not be legally-actionable discrimination, harassment, hostile work environment or retaliation but that, left unchecked, could lead to the same;

c.     assurance that employees who make complaints, witnesses, and others who provide information related to complaints or participate in the investigation will be protected against retaliation;

d.     assurance that Defendant PRC will protect the confidentiality of discrimination, harassment, hostile environment, and/or retaliation complaints to the extent reasonably practicable;

e.     a statement that the policies and procedures have been promulgated at the direction of and endorsement by the highest level of Defendant PRC's management;

f.     a requirement that owners, officers, supervisors, managers, shift leads and other supervisors must actively monitor employee compliance with Defendant PRC's policies prohibiting discrimination, harassment, a hostile work environment, and/or retaliation, and must report any incidents and/or complaints of potential violations of those policies, including, but not limited to racist comments and/or retaliation that they observe, or of which they become aware, to the Consultant, Human Resources and/or a more senior manager;

g.      assurance that PRC will take timely and proportionate corrective action within  five (5)  days of concluding the investigation, when it determines discrimination, harassment, hostile environment, or retaliation has occurred and will respond appropriately to behavior that may not be legally-actionable discrimination, harassment, hostile environment, or retaliation but that, left unchecked, could lead to same; and

h.      an explanation that Defendant PRC shall hold all employees, including officers, management, supervisors, shift leads, and human resources employees, accountable for engaging in prohibited conduct and/or failing to take appropriate proportional action sufficient to address discrimination, harassment, a hostile work environment or retaliation.

31.      The internal complaint procedure referenced in Paragraph 29 above shall, at a minimum, clearly state that:

a.      An employee who believes that he or she has suffered or witnessed discrimination, harassment, a hostile work environment or retaliation may initiate an internal complaint by notifying an owner, manager, or human resources personnel, may notify the Consultant directly, or may file a complaint directly with an external agency, such as the U.S. Equal Employment Opportunity Commission, the relevant state Fair Employment Practices Agency, e.g., Nevada Equal Rights Commission or both.

b.      Employees may initiate an internal complaint verbally or in writing to the Consultant or any owner, manager, or human resources personnel, and that no special form is required.  Defendant PRC's policies shall include the contact information so employees can reach the Consultant directly.

c.      Upon receipt of a complaint regarding a potential violation of Defendant PRC's policies prohibiting discrimination, harassment, a hostile work environment or retaliation, an owner, manager, or human resources personnel shall memorialize the complaint in writing, maintain a record of the complaint, and immediately notify the Consultant about the complaint.

d.      Within ten (10) days of receiving a complaint regarding a potential violation of Defendant PRC's policies prohibiting discrimination, harassment, hostile work environment or retaliation, a human resources representative or the Consultant will commence an

1  investigation and will complete the investigation within fifteen (15) business days, unless

2  completion of the investigation within fifteen (15) business days would impair the effectiveness

3  of the investigation.

4          e.     The human resources representative or Consultant shall gather, preserve,

5  and document all evidence of the alleged harassment, discrimination, hostile work environment

6  and/or retaliation, including but not limited to interviewing all possible witnesses, collecting any

7  written correspondence or documents, including evidence stored electronically, such as text

8  messages, emails and/or social media, and shall ensure that all participants in the investigation

9  are aware of the confidentiality of the process and that they are protected against retaliation

10  based on their participation in the investigation.

11          f.     The human resources representative or Consultant shall ensure that their

12  investigations are objective and neutral and that investigators weigh credibility as part of their

13  investigative reports and findings.

14          g.     The Consultant shall review and provide written approval of any

15  investigation and findings for investigations conducted by Defendant's human resources

16  representatives pursuant to the internal complaint procedure.

17          h.     Within five (5) days of the Consultant and/or human resources

18  representative's completion of the investigation, the human resources representative will

19  communicate with the complainant in writing regarding the status of the complaint,

20  investigation, results of the investigation and any remedial action taken if the complaint is

21  substantiated.

22          i.     The written communication will also explicitly include language that

23  Defendant PRC will not tolerate retaliation against any employee for complaining about

24  discrimination, harassment, or retaliation that he or she reasonably believes is prohibited by Title

25  VII, or for assisting or participating in the internal complaint procedure or any external

26  complaint procedure.

27          j.     Defendant PRC will keep confidential and not publicize unnecessarily the

28  subject matter of the complaints or the identity of the complainants, unless necessary for

1    purposes of the investigation.

2          k.     Defendant PRC will memorialize verbal complaints regarding

3 discrimination, harassment, hostile work environment or retaliation for making complaints in

4 writing, and maintain written records of all investigatory steps, including interview notes,

5 findings or conclusions of the investigation and any remedial actions taken.

6          l.      The internal complaint procedure does not replace the right of any

7 employee to file a charge or complaint of discrimination, harassment, or retaliation under any

8 available municipal, state, or federal law.

9          m.     If an allegation of discrimination, harassment, hostile work environment

10 or retaliation is substantiated, then such conduct will result in appropriate and proportionate

11 discipline, up to and including termination.

12          n.      If a management and/or human resources employee fails to comply with

13 any of its obligations as outlined in Paragraphs 29 or 30 above, the management and/or human

14 resources employee shall be subject to appropriate and proportionate discipline, up to and

15 including termination.

16       32.     Within ninety (90) days of the Effective Date, Defendant PRC shall provide the

17 EEOC with a copy of the policies and procedures described in Section VIII(B).  Upon receipt,

18 the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures.

19 No later than one hundred twenty (120) days after the Effective Date, Defendant PRC shall

20 disseminate the policies and procedures described in this Section to all employees, including

21 management, supervisory, and human resources employees.

22       33.     Thereafter Defendant PRC shall provide hard copies of all policies referenced in

23 Section VIII(B) to new employees within seven (7) days of hire.

24       34.     Defendant PRC shall submit to the EEOC, for its review and consideration, no

25 later than thirty (30) days before adoption, any proposed modifications to the policies referenced

26 in Section VIII(B).  The EEOC will notify Defendant PRC within fifteen (15) days of receipt of

27 the proposed modifications if it has any concerns about the proposed modifications.

28    / / /

**C.     Training**

35.     All nonsupervisory Defendant PRC employees shall be required to attend a live, interactive training program once annually for the duration of this Decree.  "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person.  The program shall be at least two (2) hours in length and shall include:

a.     Instruction on equal employment opportunity rights and responsibilities, including but not limited to, Title VII's prohibitions against race discrimination, harassment, creating a racially hostile work environment and/or retaliation, and Defendant PRC's policies and procedures for reporting and investigating complaints of discrimination, harassment, hostile work environment and/or retaliation.

b.     Instruction and scenarios related to racist slurs and their historical implications for Black employees, and discussion regarding how such incidents will be addressed, and the consequences for employees who have engaged in such behavior.

c.     Instruction on Defendant PRC's policies and internal complaint procedures including but not limited to:

i.     who employees may report to when experiencing or witnessing harassment, discrimination, or retaliation;

ii.     confirmation that Defendant PRC will take all reports seriously, and investigate them in a timely fashion;

iii.     how the formal complaint and investigation process will proceed;

iv.     the confidential nature of the reporting and investigation process;

v.     protections against retaliation for using the reporting system; and

vi.     the timelines for expected communications from the investigator.

d.     A component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable discrimination, harassment, hostile work environment and/or retaliation.

e.     A component of "bystander intervention training," i.e., instruction that

will emphasize that an employee who observes discrimination, harassment, hostile work environment or retaliation should report it to management, human resources, and/or the Consultant.

f.     A hard copy of the policies discussed in Section VIII(B), including the internal complaint procedure, shall be disseminated to each participant, and discussed during the training.

g.     Defendant PRC shall ensure that the training is developed and administered, in consultation with the Consultant, by instructors with expertise in federal anti-discrimination laws, and specifically those laws prohibiting racial discrimination, harassment, hostile work environment and retaliation.  The initial training of nonsupervisory employees shall be concluded within one hundred fifty (150) days of the Effective Date and must be video-recorded.

36.     All Defendant PRC Human Resources and supervisory personnel, including but not limited to managers, officers, supervisors, and staff with any supervisory responsibilities, including leads, assistant managers, or assistant supervisors, shall be required to attend live, interactive training annually for the term of this Decree.  "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person.  The program will be at least four (4) hours in length and, in addition to the topics listed in Paragraph 34 above, shall include:

a.     training on recognizing discrimination and a hostile work environment;

b.     procedures for taking preventative and corrective measures against discrimination, harassment, hostile work environment and/or retaliation, including discipline for failure to comply with Defendant PRC's policies;

c.     the responsibilities of supervisors and managers under equal employment opportunity laws, including but not limited to reporting discrimination, harassment, a hostile work environment and retaliation to appropriate human resources personnel and the Consultant;

d.     how to properly receive, memorialize and report complaints of discrimination, harassment, hostile work environment and/or retaliation in accordance with the internal complaint procedure;

e.      a component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable discrimination, harassment, hostile work environment and/or retaliation;

f.      a component of "bystander intervention training," i.e., instruction that will emphasize that a supervisory employee who observes discrimination, harassment, hostile work environment or retaliation should report it to higher-level management, human resources, and/or the Consultant; and

g.      how to prevent retaliation.

37.     The initial training of supervisory employees must be concluded within one hundred fifty (150) days of the Effective Date and must be video-recorded.

38.     All employees Defendant PRC has designated to conduct racial discrimination and harassment investigations shall be required to attend a live, interactive training program once annually for the duration of this Decree.  "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person.  The program shall be at least six (6) hours in length and shall, at a minimum, include instruction on:

a.      Instruction on Defendant PRC's  policies and internal complaint procedures including but not limited to:

i.      who employees may report to when experiencing or witnessing harassment, discrimination or retaliation;

ii.      confirmation that Defendant PRC will take all reports seriously, and investigate them in a timely fashion;

iii.      how the formal complaint and investigation process will proceed;

iv.      the confidential nature of the reporting and investigation process;

v.      protections against retaliation for using the reporting system; and

vi.      the timelines for expected communications from the investigator.

b.      The legal framework for racial harassment and discrimination claims under Title VII.

1           c.      Best practices and appropriate fact-finding tools and techniques.

2           d.      Best practices and tools and techniques for conducting investigative

3 interviews.

4           e.      How to assess credibility.

5           f.      How to deal with difficult witnesses and subject matter.

6           g.      Working with vulnerable parties and traumatic subjects.

7           h.      Report writing and records retention, including the proper techniques for

8 gathering and retaining electronically stored information.

9      39.    During the duration of the Decree, all employees hired or promoted into the

10 positions identified in Paragraphs 34-37 shall receive the harassment, and as appropriate,

11 investigator training within thirty (30) days of hire or promotion.  If no live training is scheduled

12 to occur within thirty (30) days of the hire or promotion, the employee may satisfy the training

13 requirement by watching a video recording of the prior live training.  Employees required to

14 watch the video recording shall be provided an opportunity to submit questions to, and to receive

15 answers from, human resources personnel or the Consultant regarding the materials covered

16 during the live training.

17      40.    Defendant PRC shall track in writing or electronically all employees required to

18 attend, and who do attend, a training program described in Section VIII(C).

19      41.    Within ninety (90) days after the Effective Date, Defendant PRC shall identify to

20 the EEOC all proposed instructors for the training to be provided pursuant to Section VIII(C) of

21 this Decree.  The EEOC will raise any objections to the proposed trainers within fifteen (15)

22 days of identification.

23      42.    At least thirty (30) days prior to the live annual trainings required under this

24 Section, Defendant PRC will provide the EEOC with notice of the date, time, and location of the

25 scheduled training.  The EEOC, at its discretion, may attend and observe one or more of the

26 training sessions and may suggest revisions to the curriculum based on those observations.

27      43.    At least thirty (30) days prior to the initial training required Section VIII(C) of

28 this Decree, Defendant PRC shall submit to the EEOC a description of the training and the

curriculum and materials developed for the trainees.  EEOC may provide comments within fifteen (15) days regarding any proposed revisions to the trainings.

44.     For all subsequent training sessions, Defendant PRC shall provide the EEOC with copies of all training materials (if materially changed in any way) no later than thirty (30) days prior to use.  The EEOC will advise Defendant PRC of any objections or comments to proposed training materials within fifteen (15) days.

45.     For purposes of this Section, the term "materially" shall refer to any modifications that change the substantive provisions referenced in Paragraphs 34-37 of this Section.

**D.     Policies Designed to Promote Supervisor and Manager Accountability**

46.     Within one hundred fifty (150) days of the Effective Date, Defendant PRC shall develop and implement performance standards such that managers, shift leads, supervisors, hiring officials, and human resources personnel shall be evaluated based upon their (i) compliance with PRC's EEO policies and procedures, (ii) contribution to PRC's goal to achieve a workplace that is free from harassment, discrimination and retaliation; and (iii) response(s) to any complaints of harassment, discrimination and/or retaliation.

47.     Within one hundred fifty (150) days of entry of this Decree, Defendant PRC shall adopt and disseminate policies provisions and standards that ensure that all managers, shift leads, supervisors, hiring officials, and human resources personnel are held accountable for their compliance with EEO policies and procedures.  The policies shall provide that:

a.      All managers, shift leads, supervisors, hiring officials, and human resources personnel shall receive written, qualitative evaluations assessing whether the employee is creating a respectful and harassment-free environment.

b.      Managers, shift leads, and supervisors shall be informed of their ongoing duty to actively monitor their work sites to ensure employees' compliance with PRC's anti-discrimination policies.

c.      Any manager, shift lead, supervisor, hiring official, or human resources personnel who Defendant PRC determines have violated the anti-discrimination, harassment, or hostile work environment policy shall receive appropriate discipline up to and including

1    termination.

2        48.    The performance standards shall be provided to the EEOC for review and

3    comment no later than one hundred twenty (120) days after entry of this Decree.  The EEOC will

4    advise Defendant PRC of its input and/or comments to the performance standards within fifteen

5    (15) days.

6        **E.    Neutral Job Reference and Expungement of Records**

7        49.    Defendant PRC shall provide Mr. and Mrs. Woods neutral letters of reference

8    identifying their dates of employment, positions held, and reflecting that they voluntarily

9    resigned and are eligible for rehire.

10       50.    In response to any job verification or job reference request, Defendant PRC shall

11   not disclose any information about, or refer to the Woodses' charge of discrimination, internal

12   complaints of harassment, discrimination or retaliation, or this lawsuit.

13       51.    Defendant PRC shall expunge from Mr. and Mrs. Woods' personnel files all

14   documents related to their underlying complaints including, but not limited to, any disciplinary

15   action, including written warnings and termination records, issued during their employment.

16   **IX.    NOTICE**

17       52.    Within fourteen (14) days after the Effective Date, Defendant PRC shall post, for

18   the duration of this Decree, in a prominent place frequented by employees at each PRC facility,

19   the notice attached as Exhibit A (Notice).  The Notice shall be replaced within five (5) business

20   days if it is removed or becomes defaced. Defendant PRC shall certify to the EEOC in writing

21   that the Notice has been posted and the location of the postings within ten (10) days of posting.

22   Within fourteen (14) days after the Effective Date, Defendant PRC shall provide a copy of the

23   Notice to all current employees at Defendant PRC by USPS First Class Mail to the current or last

24   known physical address or via e-mail to their current or last known email address.

25   **X.    REPORTING**

26       53.    In addition to the notice requirements above, Defendant PRC shall provide the

27   following reports to the EEOC by e-mail to EEOC-SFDO_COMPLIANCE@eeoc.gov:

28           a.    Within thirty (30) days after the Effective Date, Defendant PRC shall

submit to the EEOC a copy of the letters of reference for Mr. Woods and Mrs. Woods, described in Paragraph 47 above; and the record of expungement for Mr. Woods and Mrs. Woods personnel files, described in Paragraph 49 above.

      b.    Within one hundred eighty days (180) days after the Effective Date, Defendant PRC shall submit to the EEOC an initial report containing the following information regarding its actions under this Decree:

      i.    a copy of the discrimination, hostile work environment and retaliation policies required under the terms of this Decree, including the internal complaint and investigation procedures;

      ii.    a copy of the performance standards regarding managers, shift leads, supervisors, hiring officials, and human resources personnel required under the terms of this Decree;

      iii.    statements confirming all trainings required under this Decree have been scheduled and completed;

      iv.    certification that Defendant PRC complied with the notice positing requirement in Paragraph 50 of this Decree; and

      v.    certification that Defendant PRC complied with all other provisions of this Decree.

      c.    Defendant PRC shall also provide semi-annual reports throughout the term of this Decree containing the following information regarding its actions under this Decree.  The first report shall be submitted within one hundred eighty (180) days of the Effective Date; subsequent reports shall be submitted every one hundred eighty (180) days throughout the duration of the Decree:

      i.    Complete attendance lists for all training sessions required under this Decree that took place during the previous six months.  The list shall include for each individual, their hire date, job title, supervisory status, and the date of their attendance at the training.

      ii.    A report detailing any complaints alleging race harassment or

racially hostile work environment or retaliation made to,

investigated by, or resolved by Defendant PRC in the previous six

months.  This report shall include, at a minimum: (1) the names

and contact information of the complainants and witnesses

identified during the investigation; (2) the nature of the complaint;

(3) the names of the alleged perpetrators; (4) the dates of the

alleged race discrimination or racially hostile work environment;

(5) a brief summary outlining whether the allegations were

substantiated, the basis for the investigative findings, and where

the investigation substantiated the allegations, the corrective

actions that were taken; and (6) the identity of each of Defendant

PRC's employee(s) who investigated or resolved each complaint.

    iii.    Upon request from the EEOC, Defendant PRC shall within seven

(7) days provide the EEOC copies of the documentation, including

investigative records, for any complaints and investigations

described in the report.

    iv.    A signed certification from Defendant PRC's president or chief

managing officer that Defendant PRC has satisfied the notice

posting and dissemination requirements of Section IX during the

preceding one hundred eighty (180) days, and that the posting has

not been defaced or, if it has been defaced or damaged, that it has

been replaced.

    v.    A description of any purchase or transfer of all or a portion of

Defendant PRC' assets, including the identification of the

purchaser or transferee and the date(s) of any transfer or purchase.

    d.    Defendant PRC shall provide the information mandated in Paragraph

51(c)(ii) in one of the following searchable formats:  Excel, Access, or ASCII delimited (csv).

Regardless of the format, the first row shall consist of the field (or variable) names.  There must

be one column for each field (variable) requested.  First and last names must be provided as separate fields (variables).

## XI.    MODIFICATION AND SEVERABILITY

54.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party and approved by the Court.

55.    If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  In any such event, the remaining provisions will remain in full force and effect.

## XII.    DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION

56.    The Court shall dismiss this Action with prejudice but retain jurisdiction during the duration of this Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.  The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

57.    This Decree shall expire three (3) years after the Effective Date, provided Defendant PRC has complied with its terms, and unless the Court has extended the duration of the Decree pursuant to Paragraph 56 below.  Defendant PRC will be deemed to have complied with the Decree if the Court has not made any findings or orders during the term of the Decree that Defendant PRC has failed to comply with any term of this Decree.

58.    If the EEOC has reason to believe that Defendant PRC has failed to comply with any provision of this Decree, the EEOC may petition this Court to enforce the Decree.  Prior to initiating such petition, the EEOC will notify Defendant PRC, in writing, of the nature of the alleged breach of the Decree.  Defendant PRC shall have thirty (30) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged breach.  The Parties shall use the thirty (30) day period following written notice to try to resolve the issue.  If thirty (30) days have passed with no resolution or agreement to extend the time to continue negotiating

a resolution, the EEOC may petition this Court to enforce compliance with this Decree.  If the EEOC petitions the Court and the Court finds Defendant PRC to be in substantial violation of the terms of the Decree, the Court may extend the duration of the Decree, and afford other relief as the Court may deem appropriate.

## XIII.  COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

59.    Defendant PRC shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV.  COSTS AND ATTORNEYS' FEES

60.    Each Party shall bear its own costs of suit and attorneys' fees.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Dated:  October 23, 2023

By:  */s/ Roberta L. Steel*

ROBERTA L. STEELE                          CHRISTOPHER LAGE
Regional Attorney                               Deputy General Counsel

MARCIA L. MITCHELL                        Office of the General Counsel
Assistant Regional Attorney               131 "M" Street NE
                                                          Washington, D.C. 20507
JAMES H. BAKER
Senior Trial Attorney

KENA C. CADOR
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
                              *Attorneys for Plaintiff  EEOC*

/ / /

/ / /

Dated:  October 23, 2023                LEMONS, GRUNDY & EISENBERG

                                        By:   /s/ Rebecca Bruch (as authorized on 10/23/2023)
                                            Rebecca Bruch, Esq.
                                            *Attorney for Defendant*
                                            *Product Remanufacturing Centers Industries,*
                                            *Inc.*